STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

FILED
February 19, 2021
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Everett Frazier,
Commissioner of the West Virginia Division of Motor Vehicles,
Respondent Below, Petitioner

**vs.)  No. 20-0008** (Kanawha County 19-AA-86)

Tanya Stone,
Petitioner Below, Respondent

## MEMORANDUM DECISION

Petitioner Everett Frazier, Commissioner of the West Virginia Division of Motor Vehicles ("DMV"), by counsel Janet E. James, appeals the order of the Circuit Court of Kanawha County, entered on December 19, 2019, which reversed the order of the Office of Administrative Hearings ("OAH") and reinstated the driving privileges of respondent Tanya Stone. Respondent, by counsel David Pence, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the circuit court is reversed, and this case is remanded to the circuit court for entry of an order consistent with this decision.

Respondent was arrested for driving under the influence of alcohol ("DUI") on November 1, 2013.[1] Following this arrest, the Division of Motor Vehicles ("DMV") sent respondent an order dated December 3, 2013, which revoked her driver's license. Respondent appealed the revocation to the OAH on December 4, 2013. Respondent's administrative hearing before the OAH was

---

[1] Inasmuch as we are reversing and remanding this case to the circuit court for further proceedings on grounds that do not bear on the circumstances surrounding the traffic stop that led to respondent's arrest, such circumstances are not addressed in detail herein.

1

completed on July 31, 2015, and a final order was issued by the OAH, affirming the revocation, on August 1, 2019.[2]

In its August 1, 2019, order, the OAH found that respondent's self-serving testimony "lacked credibility" and "did not successfully rebut the presumption of the documented evidence." The OAH noted that the investigating officer observed "various indicia of impairment displayed" by respondent, who admittedly "consumed alcoholic beverages prior to operating her motor vehicle" and failed "properly administered field sobriety tests." Accordingly, the OAH held that the evidence was sufficient, by a preponderance of the evidence standard, that respondent drove a motor vehicle in this State on November 1, 2013, while under the influence of alcohol. With such a finding, the OAH concluded that the DMV's December 3, 2013, revocation of respondent's license was affirmed.

Respondent timely appealed the OAH's ruling to circuit court, along with a motion to stay the revocation, to which petitioner objected. A hearing was held on the motion to stay revocation in circuit court on September 11, 2019, after which, on October 14, 2019, respondent filed an amended petition for judicial review. During the September 11, 2019, hearing the circuit court provided express permission for respondent to amend her petition for judicial review to include the ground for appeal of unreasonable delay. The Court stated "[c]ertainly you can file an amendment. I don't understand what the State's objection to a stay is in this matter if they've allowed this to go for four years already."

In her amended petition, respondent alleged unreasonable delay in the issuance of the OAH's decision. By order entered on December 19, 2019, the circuit court reversed the final order of the OAH and reinstated respondent's driver's license. In its order, the circuit court cited Syllabus Point 3 of *Reed v. Boley*, 240 W. Va. 512, 813 S.E.2d 754 (2018) (quoting Syl. Pt. 2, *Reed v. Staffileno*, 239 W. Va. 538, 803 S.E.2d 508 (2017)), in which this Court held

> [o]n appeal to the circuit court from an order of the Office of Administrative Hearings affirming the revocation of a party's license to operate a motor vehicle in this State, when the party asserts that his or her constitutional right to due process has been violated by a delay in the issuance of the order by the Office of Administrative Hearings, the party must demonstrate that he or she has suffered actual and substantial prejudice as a result of the delay. Once actual and substantial prejudice from delay has been proven, the circuit court must then balance the resulting prejudice against the reasons for the delay.

Here, the circuit court reasoned that in the four years between the OAH hearing and the issuance of the OAH's final order, respondent obtained employment that requires her to have a valid driver's license. Accordingly, the court found that enforcing the OAH's order would likely cause respondent to lose her employment, which constituted actual prejudice. When considering

---

[2] West Virginia Code § 17C-5A-2(s) states, in pertinent part, that "[d]uring the pendency of any hearing [before the OAH], the revocation of the person's license to operate a motor vehicle in this state shall be stayed."

the "reasons for the delay," the court found "[i]n short, at no point during these proceedings did the [petitioner] offer any reason for the four-year delay." It is from the circuit court's December 19, 2019, order that petitioner now appeals.

On appeal, petitioner raises four assignments of error. First, petitioner argues that the circuit court improperly made delay an issue in the case by sua sponte raising the issue of delay. Next, petitioner alleges that the court erred in failing to defer to the credibility determinations of the factfinder and in finding that the failure of the investigating officer to appear at the administrative hearing necessitated a finding that respondent's testimony was credible. Lastly, petitioner argues that the court erred in finding that respondent demonstrated that she was actually and substantially prejudiced by the delay in issuance of the final order. We will address these assignments below.

In *Boley*, we reiterated the standard of review to govern this matter.

> "On appeal of an administrative order from a circuit court, this Court is bound by the statutory standards contained in W.Va. Code § 29A-5-4(a) and reviews questions of law presented *de novo*; findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong." Syl. Pt. 1, *Muscatell v. Cline*, 196 W. Va. 588, 474 S.E.2d 518 (1996).

> "In cases where the circuit court has [reversed] the result before the administrative agency, this Court reviews the final order of the circuit court and the ultimate disposition by it of an administrative law case under an abuse of discretion standard and reviews questions of law *de novo*." Syllabus Point 2, *Muscatell v. Cline*, 196 W. Va. 588, 474 S.E.2d 518 (1996).

*Boley*, 240 W.Va. at 512-13, 813 S.E.2d at 754-55, syl. pts. 1 and 2. Guided by this standard, we review petitioner's arguments.

In his first assignment of error, petitioner argues that it was improper for the circuit court to make delay of the issuance of a decision by the OAH an issue on appeal to the circuit court. In essence, petitioner contends that the circuit court erred in permitting respondent to amend her petition for review to include an allegation of unreasonable delay. We disagree. This Court has long reasoned that

> [t]he Rules of Civil Procedure substantially recognize the preexisting law of this State in relation to liberality in permitting amendments of pleadings and in relation to the scope of the trial court's discretion in permitting or refusing leave to amend.

*Perdue v. S.J. Groves & Sons Co.*, 152 W. Va. 222, 232, 161 S.E.2d 250, 257 (1968)

Here, based upon the limited facts and circumstances of this case, we find no abuse of the circuit court's discretion in permitting respondent to file an amended petition for judicial review

3

to include arguments related to unreasonable delay. Such ground for relief is well established by the undisputed record. The parties do not disagree that more than four years elapsed between respondent's hearing before the OAH and the OAH's entry of its order affirming the revocation of respondent's license. Accordingly, we find no abuse of discretion.

As it is related to the first assignment of error, we now turn to petitioner's fourth assignment of error. In his fourth assignment of error, petitioner argues that the circuit court erred in finding that petitioner was actually and substantially prejudiced by delay in the issuance of the OAH's final order as required by this Court in *Staffileno*. Based upon our review of the record, we agree, in part, with petitioner. Here, the issue of delay was first addressed by the parties during the September 11, 2019, hearing, the parties only hearing before the circuit court referenced in the record. We conclude that petitioner was not afforded a meaningful opportunity to explain any reason for the delay at the September 11, 2019, hearing, as delay was not raised as an appealable issue prior to that hearing. Therefore, under the limited and particular facts of the instant case, we remand the case to the circuit court to provide petitioner with the specific opportunity to provide reasons for the delay so that the circuit court can complete a review and balancing of interests as required by *Staffileno*.

In his remaining assignments of error, petitioner raises issue with the circuit court's determinations as to credibility of witnesses. Since we have determined that this case requires remand for consideration of petitioner's explanations for delay, we decline to address any issues as to credibility at this time.

For the foregoing reasons, the circuit court's December 19, 2019, order is hereby reversed, and the case is remanded to provide petitioner with the opportunity to provide reasons for the delay in respondent's case.

Reversed and remanded with directions.

**ISSUED:** February 19, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison

**NOT PARTICIPATING:**

Justice William R. Wooton

4