**FILED**
**March 4, 2022**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Everett Frazier, Commissioner,**
**West Virginia Division of Motor Vehicles,**
**Respondent Below, Petitioner**

**vs.) No. 20-0726** (Kanawha County 20-AA-6)

**Taylor Braley,**
**Petitioner Below, Respondent**

**MEMORANDUM DECISION**

The Petitioner herein, Everett Frazier,[1] Commissioner of the West Virginia Division of Motor Vehicles ("DMV"), by counsel Attorney General Patrick Morrisey and Assistant Attorney General Elaine L. Skorich, appeals from an order entered August 18, 2020, by the Circuit Court of Kanawha County. In its order, the circuit court reversed the decision of the Office of Administrative Hearings ("OAH"), which had upheld the DMV's revocation of the license of the Respondent driver herein, Taylor Braley ("Mr. Braley"), by counsel Faun S. Cushman and Joseph H. Spano Jr. The circuit court based its ruling upon a finding of post-hearing delay by the OAH in issuing the OAH's final order on December 18, 2019. On appeal to this Court, the DMV argues that the circuit court erred and requests this Court to reinstate Mr. Braley's license revocation for driving under the influence of alcohol ("DUI").

Upon consideration of the parties' briefs, oral arguments, and the appendix record, this Court concludes that the circuit court erred in reversing the order of the OAH because the post-hearing delay did not cause prejudice to Mr. Braley under the facts of this case. Accordingly, we reverse the August 18, 2020, order of the Circuit Court of Kanawha County and remand this case to the circuit court for entry of an order reinstating the DMV's order of revocation. Because this case does not present a new or significant issue of law, and for the reasons set forth herein, we find this case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure and is proper for disposition as a memorandum decision.

---

[1]Since the filing of this case, the Commissioner of the West Virginia Division of Motor Vehicles has changed, and the Commissioner is now Everett Frazier. Accordingly, the Court has made the necessary substitution of parties pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure.

This case originated when Mr. Braley was investigated for DUI by officers who responded to his single-vehicle crash in March of 2018 in Kanawha County, West Virginia. During the responding officers'[2] investigation, Mr. Braley exhibited an odor of alcohol, was unsteady, staggered, had a blank stare, and admitted to having consumed alcoholic beverages prior to the crash. Mr. Braley then failed all field sobriety tests administered to him, and had breath test results of 0.178 (preliminary) and 0.147 (secondary). Mr. Braley was criminally charged with first offense DUI for this incident.

Thereafter, by notice dated March 27, 2018, the DMV administratively revoked Mr. Braley's driver's license for DUI. The notice offered Mr. Braley multiple options for reinstatement of his driver's license, including participation in the Interlock Program[3] for 140 days with no revocation period; however, this option precluded Mr. Braley from appealing his license revocation to the OAH. Other options included a lesser period of Interlock participation and a shorter revocation period; serving the full revocation period; or appealing to the OAH. Mr. Braley elected to request an OAH hearing to challenge the revocation of his driver's license for DUI, and the OAH hearing was set for June 13, 2018. Following numerous continuances, the OAH hearing was held on February 1, 2019.

While awaiting the OAH's decision, Mr. Braley, who had been working as a handler for FedEx and earning $10 per hour, accepted a promotion to work as a courier for FedEx earning $20 per hour. It appears the handler position does not require a valid driver's license, but the courier position does require a valid driver's license. Mr. Braley began working as a courier in April of 2019, approximately two months after the OAH hearing.

Thereafter, approximately ten and one-half months later, on December 18, 2019, the OAH issued its final decision upholding the revocation of Mr. Braley's driver's license for DUI. Mr. Braley appealed this decision to the Circuit Court of Kanawha County, arguing that the OAH's delay in issuing its decision had substantially prejudiced him because his license revocation would cause him to be fired from his courier position. The circuit court held a hearing in February of 2020, and, by order entered on August 18, 2020, the circuit court reversed the OAH's order that had upheld Mr. Braley's driver's license revocation for DUI. In summary, the circuit court found that the actual and substantial prejudice that Mr. Braley would suffer if his license revocation was upheld outweighed the reasons for the OAH's post-hearing delay in issuing its decision. More specifically, the circuit court concluded that the

---

[2]The primary investigating officer had transferred to West Virginia from Virginia and was still in training; he was accompanied by his training officer.

[3]The Interlock, or West Virginia Motor Vehicle Alcohol and Drug Test and Lock, Program requires the installation, in a driver's motor vehicle, of "a mechanical or computerized system which . . . prevents the operation of a motor vehicle when, through the system's assessment of the blood alcohol or drug content of the person operating or attempting to operate the vehicle, the person is determined to be under the influence of alcohol or drugs." W. Va. Code § 17C-5A-3a(a)(4) (2021).

Petitioner [Mr. Braley] has established that he would suffer actual and substantial prejudice as a result of the delayed OAH decision which, if upheld, would have a devastating effect on his ability to earn a living. . . . [because] he would immediately be fired from a job that pays twice as much as the job he held at the time of the hearing, and further, . . . the prior job was no longer available for him to return to. If the OAH decision would have been rendered in a timely fashion, [the] Petitioner [Mr. Braley] could have served his licensure suspension and maintained his previous work position which did not require a driver's license to perform. . . . There was no evidence presented . . . to justify any delay by the OAH in issuing the decision at issue herein.

The DMV's appeal to this Court followed.

The case sub judice is before the Court on appeal from a circuit court order that reversed a decision of the OAH. We previously have held that,

> [o]n appeal of an administrative order from a circuit court, this Court is bound by the statutory standards contained in W. Va. Code § 29A-5-4(a) [(1964)] and reviews questions of law presented *de novo*; findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong.

Syl. Pt. 1, *Muscatell v. Cline*, 196 W. Va. 588, 474 S.E.2d 518 (1996). Insofar as this Court's review is prescribed by the governing statutory law, our consideration of this appeal is guided by our interpretation of that standard, as well.

> Upon judicial review of a contested case under the West Virginia Administrative Procedure[s] Act, Chapter 29A, Article 5, Section 4(g) [(1964)], the circuit court may affirm the order or decision of the agency or remand the case for further proceedings. The circuit court shall reverse, vacate or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decisions or order are: "(1) In violation of constitutional or statutory provisions; or (2) In excess of the statutory authority or jurisdiction of the agency; or (3) Made upon unlawful procedures; or (4) Affected by other error of law; or (5) Clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."

Syl. Pt. 2, *Shepherdstown Volunteer Fire Dep't v. State ex rel. State of W. Va. Hum. Rts. Comm'n*, 172 W. Va. 627, 309 S.E.2d 342 (1983); *accord* W. Va. Code § 29A-5-4(g) (2021). Furthermore, with specific regard to the posture of the case sub judice, we have held that "[i]n cases where the circuit court has [reversed] the result before the administrative agency, this Court reviews the final order of the circuit court and the ultimate disposition by it of an administrative law case under an abuse of discretion standard and reviews questions of law *de novo*." *Muscatell*, 196 W. Va. at 590, 474 S.E.2d at 520, Syl. Pt. 2.

In the instant appeal to this Court, the DMV contends that the circuit court erred by finding that the post-hearing delay between the OAH hearing and the issuance of the OAH's decision from that hearing prejudiced Mr. Braley and necessitated reversal of his driver's license revocation. The standard applicable to post-hearing delay cases is as follows:

> On appeal to the circuit court from an order of the Office of Administrative Hearings affirming the revocation of a party's license to operate a motor vehicle in this State, when the party asserts that his or her constitutional right to due process has been violated by a delay in the issuance of the order by the Office of Administrative Hearings, the party must demonstrate that he or she has suffered actual and substantial prejudice as a result of the delay. Once actual and substantial prejudice from the delay has been proven, the circuit court must then balance the resulting prejudice against the reasons for the delay.

Syl. Pt. 2, *Reed v. Staffileno*, 239 W. Va. 538, 803 S.E.2d 508 (2017).

During the proceedings below, Mr. Braley contended that he had suffered prejudice as a result of the OAH's post-hearing delay because he had accepted his promotion to courier, which required that he have a valid driver's license, and he was not assured that, if his license revocation was upheld, he would be permitted to return to his prior position of handler, which did not require that he have a valid driver's license. The crux of Mr. Braley's argument seems to be that he accepted the promotion to the courier position in large part based on the representations of his counsel that the OAH likely would not issue a final decision for approximately three years. Thus, although Mr. Braley knew at the time that he accepted the courier position that the OAH could issue a decision upholding his license revocation at any time, he nevertheless relied on such representations to accept the new employment position. Therefore, the real prejudice that may have occurred in this case, from Mr. Braley's perspective, is that the OAH issued its decision *too soon* after holding its administrative hearing rather than that there was substantial post-hearing delay since Mr. Braley was relying on the issuance of the OAH's decision in three years or more, rather than in ten and one-half months. Such prejudice is not due to post-hearing delay. Rather, as we observed in another post-hearing delay case, Mr. Braley's prejudice was caused by his own failure to "make any contingency plans, such as attempting to find a job that would not require him to drive, because he believed that the OAH . . . [would] forg[et] about his case and would not revoke his license[.]" *Reed v. Boley*, 240 W. Va. 512, 517, 813 S.E.2d 754, 759 (2018). We rejected that argument and reinstated the driver's license revocation for DUI in that case, and we similarly reject Mr. Braley's contentions in this case.

Moreover, we disagree with the circuit court's characterization of the OAH's decision as untimely given that "the law governing revocation proceedings before [the] OAH does not impose time constraints on the issuance of decisions by that agency following an administrative hearing." *Staffileno*, 239 W. Va. at 542, 803 S.E.2d at 512 (citations omitted). Therefore, because Mr. Braley's prejudice stems from his reliance on the representations of his counsel and the fact of his license revocation, itself, and not from the delay occasioned by the OAH in issuing its decision, we find that Mr. Braley has not established prejudice resulting from the OAH's post-hearing delay and that the circuit court erred by finding to the contrary.

Accordingly, we reverse the August 18, 2020, order of the Circuit Court of Kanawha County that rescinded Mr. Braley's license revocation and remand this case for reinstatement of the DMV's order of revocation.

Reversed and Remanded.

**ISSUED:**    March 4, 2021

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton

**NOT PARTICIPATING:**

Justice Alan D. Moats, sitting by temporary assignment[4]

---

[4]Pursuant to an administrative order entered by this Court on February 7, 2022, the Honorable Alan D. Moats, Judge of the Nineteenth Judicial Circuit, was assigned to sit as a member of the Supreme Court of Appeals of West Virginia commencing February 7, 2022, following the resignation of former Justice Evan Jenkins; however, Justice Moats did not participate in this decision. And although former Justice Jenkins heard oral argument in this case, he did not participate in this decision.