# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**February 27, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**WEST VIRGINIA DIVISION
OF MOTOR VEHICLES,**
**Plaintiff Below, Petitioner**

**v.) No. 25-ICA-469**      (Cir. Ct. Monongalia Cnty. Case No. CC-31-2025-M-AP-6)

**DILLAN ALLEJANDRO PEREZ,**
**Defendant Below, Respondent**


## MEMORANDUM DECISION

Petitioner West Virginia Division of Motor Vehicles ("DMV") appeals the Circuit Court of Monongalia County's November 7, 2025, Order Granting Defendant's Motion to Dismiss Appeal. In that order, the circuit court granted Respondent Dillan Allejandro Perez's motion to dismiss the DMV's appeal of the Magistrate Court of Monongalia County's "Order: Failure to Prove Refusal of Secondary Chemical Test." At the direction of the Court, both parties filed supplemental briefing on the issue of whether a refusal review hearing is a separate civil proceeding, apart from the underlying criminal case.[1] After considering the parties' briefing on the issue, the record, and the applicable law, we find the appeal was improvidently docketed and this appeal must be dismissed.[2]

On April 26, 2025, Mr. Perez was arrested for Driving Under the Influence of Alcohol ("DUI") in Monongalia County. The investigating officer alleged that Mr. Perez refused to submit to the designated secondary chemical test of breath. On July 15, 2025, Mr. Perez requested a refusal review hearing, and the same was set for hearing in magistrate court on August 13, 2025. On July 24, 2025, the DMV sent a Representation Memorandum to the Monongalia County Prosecuting Attorney, asking her office to represent the DMV's interests. On August 14, 2025, the magistrate court entered its "Order: Failure to Prove Refusal of Secondary Chemical Test" stating "that the State has failed to prove by a preponderance of the evidence that the defendant refused to submit to a secondary chemical test." The related criminal charge was eventually resolved by a plea by Mr. Perez to a related charge of Reckless Driving for a fine of $500 and an agreement that the charge

---

[1] The DMV is represented by Attorney General John B. McCuskey, Esq., and Assistant Attorney General Elaine L. Skorich, Esq. Mr. Perez is represented by Jared T. Moore, Esq.

[2] The Court acknowledges that the briefing of the parties was helpful in rendering this decision.

would not be expungable. The refusal review issue was assigned a separate case number from the criminal matter.

On September 9, 2025, the DMV filed a Petition for Appeal of Bench Trial which sought to appeal the refusal matter to circuit court. On September 26, 2025, Mr. Perez filed Defendant's Motion to Dismiss Appeal. On October 30, 2025, the circuit court heard argument on the motion to dismiss. Following the hearing, on November 7, 2025, the circuit court entered its Order Granting Defendant's Motion to Dismiss Appeal. In that order, the circuit court noted that based on the record and proffers of counsel, no refusal hearing actually took place in magistrate court and therefore there was no record for the circuit court to review. Further, the circuit court noted that S.B. 130 (2020) eliminated the Office of Administrative Hearings ("OAH") and transferred jurisdiction for refusal hearings to the courts, where county prosecutors represent the State's interest. The circuit court concluded that the DMV was unable to identify any statutory authority that gave the DMV the ability to appear as a party to refusal review hearings or appeal refusal review hearings. Accordingly, the circuit court concluded that the DMV was divested of any statutory authority to prosecute DUI refusal matters by virtue of S.B. 130 and therefore the appeal should be dismissed.

On December 4, 2025, the DMV filed its notice of appeal of the circuit court's November 7, 2025, order with this Court. On December 15, 2025, this Court entered a scheduling order directing the parties to file supplemental briefing on the issue of whether a refusal review hearing is a separate civil proceeding, apart from the underlying criminal case. On December 30, 2025, the DMV filed its supplemental briefing arguing that the refusal review issue constitutes a separate civil proceeding. On January 8, 2026, Mr. Perez filed his supplemental briefing arguing that the refusal review issue is a part of the underlying criminal proceeding.

"It is, of course, axiomatic that a court of limited appellate jurisdiction is obliged to examine its own power to hear a particular case." *James M.B. v. Carolyn M.*, 193 W. Va. 289, 292, 456 S.E.2d 16, 19 (1995). In its current form, West Virginia Code § 51-11-4(b)(1) (2024) states that this Court has appellate jurisdiction over "[f]inal judgments or orders of a circuit court in all civil cases[.]" However, West Virginia Code § 51-11-4(d)(1) provides that this Court does not have appellate jurisdiction over "[j]udgments or final orders issued in any criminal proceeding in this state[.]" The question then is whether the underlying order on appeal constitutes an order issued in a criminal proceeding[3] or whether it is an order issued in a separate civil proceeding.

---

[3] While West Virginia Code § 51-11-4(d)(1) specifically provides that this Court has no appellate jurisdiction over "[j]udgments or final orders" in criminal proceedings, absent limited exceptions inapplicable in this matter, this Court also lacks appellate jurisdiction over "interlocutory appeals." W. Va. Code § 51-11-4(d)(8). Therefore, this

2

To answer the question, a review of the statutory scheme before and after enactment of S.B. 130 is helpful. Prior to the statutory overhaul that occurred with the enactment of S.B. 130 in 2020, the administrative driver's license revocation process was separate from the criminal matter in DUI cases. Under the old scheme, regardless of how the criminal matter was resolved, the DMV would have revoked Mr. Perez's license for refusal of the secondary test based on the DMV's receipt of a written statement from the investigating officer indicating, amongst other things, that the driver refused to submit to the secondary chemical test. *See* W. Va. Code § 17C-5-7 (1986). In 2010, the West Virginia Legislature created the OAH to hear and determine administrative appeals from the DMV's license revocations. *See* W. Va. Code § 17C-5C-1(a) (2010) (creating the OAH); W. Va. Code § 17C-5C-3(3) (2010) (conferring upon OAH appeal authority over refusal revocation decisions); W. Va. Code § 17C-5A-2 (2010) (creating process for OAH appeal). In those appeals, in a process that was entirely distinct from the related criminal proceeding, the OAH would consider, upon a designated record and after a hearing, whether to affirm, reverse, or modify the decision of the DMV to revoke a driver's license to operate a motor vehicle. W. Va. Code § 17C-5A-2 (2010). Essentially, in addition to defending against the criminal charge, a driver, such as Mr. Perez, would have to separately contest the administrative license revocation before the OAH, where the records in the DMV's file would be automatically admitted into evidence. *See Frazier v. Harless*, No. 20-0127, 2021 WL 195293, at *5 (W. Va. Jan. 20, 2021) (memorandum decision) (stating that testimony from investigating officer is not required, and documentary evidence from DMV file can form the basis for a revocation decision.). This could result in the driver's license being revoked without the investigating officer having to appear to testify or be cross-examined. *Id.* However, as acknowledged by the DMV in its briefing herein, the old scheme had significant other problems as well, which led to the statutory overhaul. *See Reed v. Staffileno*, 239 W. Va. 538, 545-46, 803 S.E.2d 508, 515-16 (2017) (finding that OAH's three-year delay in entering revocation decision following the hearing was prejudicial, resulting in violations of driver's due process rights).

S.B. 130 was enacted, in part, to "provid[e] for a hearing before the court to contest a documented refusal to submit to a secondary chemical test" and "eliminat[e] all statutory provisions authorizing or requiring the [DMV] . . . to take administrative action upon an individual's license on the basis of . . . refusal to submit to a secondary test absent direction from court." S.B. 130, 2020 Leg., Reg. Sess. (W. Va. 2020). With the enactment of S.B. 130, the Legislature eliminated the separate administrative revocation process by eliminating the OAH and repealing West Virginia Code § 17C-5A-2, which provided for the separate administrative process. Further, since the enactment of S.B. 130, the applicable statutes governing refusal review matters are contained in Chapter 17C, Article 5, which is

Court has no appellate jurisdiction over orders entered in criminal proceedings, regardless of whether they are final or interlocutory.

titled "Serious Traffic Offenses" and contains criminal statutes for various forms of vehicular homicide, DUI, and reckless driving.

In addition to eliminating the OAH and repealing the statutory scheme for a separate administrative process, the Legislature enacted West Virginia Code § 17C-5-7a(b) (2020), which states:

> (b) Effective July 1, 2020, the court shall enter an order finding that a *person charged* with a violation of § 17C-5-2 of this code did refuse to submit to a secondary chemical test, as required by § 17C-5-4 of this code, subject to the following:
>
> > (1) At the person's *first appearance before the court*, the court shall advise the person that his or her license to operate a motor vehicle shall be revoked for the applicable period provided in subsection (e) of this section, unless the person requests a refusal review hearing within the 30 days following the first appearance;
> >
> > (2) If the person does not request a refusal review hearing within 30 days following the *first appearance*, the court shall enter an order finding that a person charged with a violation of § 17C-5-2 of this code did refuse to submit to a secondary chemical test; and
> >
> > (3) If the person requests a refusal review hearing within 30 days following the *first appearance*, the court shall conduct the review and enter the appropriate order, as provided in subsection (c) of this section.

(emphasis added).

Further, West Virginia Code §17C-5-7a(d) (2020) provides that "[t]he clerk of *the court in which the charges are pending* shall immediately transmit any order entered pursuant to this section to the Commissioner of the Division of Motor Vehicles." (emphasis added).

The history of the statutory scheme, the placement of the applicable statutes in Chapter 17C, Article 5, and the above quoted statutes' references to "person charged," "first appearance," and "court in which the charges are pending," indicate that since 2020, the issue of an alleged refusal of the secondary chemical test is determined by a court of law as part of the criminal proceeding.

While there may be good reasons to support the DMV's contention that the issue of an alleged refusal of the secondary chemical test should be a separate civil matter, our

4

Court's jurisdiction is defined by statute and it would be inappropriate for us to expand our statutory jurisdiction without clear authority. The DMV cites no precedent from the Supreme Court of Appeals of West Virginia since the enactment of S.B. 130 or subsequent legislation passed, or rules adopted by, the West Virginia Legislature that indicates that the Legislature intended for the administrative revocation process to be a separate civil proceeding. Therefore, in the absence of such authority, we determine that we do not have jurisdiction to review the underlying "Order: Failure to Prove Refusal of Secondary Chemical Test" as it is an order issued in a criminal proceeding.

Accordingly, based on the foregoing, we conclude that the DMV's appeal of the November 7, 2025, order was improvidently docketed and, therefore, the appeal is dismissed.

Dismissed.

**ISSUED:** February 27, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White